IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 SEP -8 PM 2:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WESTERN HERITAGE INSURANCE COMPANY, | ) ) ) | **ENTERED**<br>SEP 08 2000 |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CASE NO. CV98-HGD-3079-S |
| SAMMY BAJALIA d/b/a EXPRESS AUTO; et al., | ) ) ) ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

This case is before the undersigned magistrate judge for disposition based upon the consent of the parties in accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. Plaintiff, Western Heritage Insurance Co. (Western) has filed a Motion for Summary Judgment [Doc. #13], and defendants have filed a Motion to Deny Plaintiff's Motion for Summary Judgment [Doc. #18].

On December 10, 1998, plaintiff filed a Complaint for Declaratory Judgment [Doc. #1] with regard to its obligations to defendants under a policy of insurance issued by plaintiff to Sammy Bajalia d/b/a Express Auto. Defendants are Sammy Bajalia d/b/a Express Auto; Rachel Bajalia; and Jerry and Rachel Bajalia, as parents of the minor child, Stephanie Bajalia. This controversy arises out of an automobile accident which occurred on January 26, 1997, wherein

Sammy's sister-in-law, Rachel Bajalia, was driving a 1991 Plymouth Voyager owned by Express Auto. Both Rachel and her daughter, Stephanie Bajalia, were injured in the accident.

## STATEMENT OF FACTS

There is no controversy regarding the relevant facts underlying this dispute. On August 7, 1996, Sammy Bajalia submitted an application for an insurance policy to be issued by Western which would provide coverage for his business, a used-car lot known as Express Auto. [See Plaintiff's Exh. #1]. Mr. Bajalia made application for this insurance at a location known as The Insurance Store. Because he is legally blind, Mr. Bajalia was assisted in completing the application by The Insurance Store office manager and customer service representative, Ms. Diane Brayman.

Under a section of the application entitled "UNDERWRITING INFORMATION" there is a subheading which reads "All Owners, Employees, Spouses, & Children Furnished Autos (Attach list, if necessary)." Contained within this section is the following:

| Name | Date of Birth | Driver License Number | State of License | Furnished Auto? Yes or No | Past 3 Yrs. Number of | | Job Description and/or Relationship |
|---|---|---|---|---|---|---|---|
| | | | | | Accidents | Citations | |
| James Kimbrell | 8-5-60 | 3989242 | AL | No | | 1 speeding | Car Sales |
| Jerry Bajalia | 1-5-64 | 4794463 | AL | No | | 1 speeding 1 stop sign | |
| Sammy Bajalia | 3-20-59 | Not Licensed | | Blind | | | |

[See Plaintiff's Exh. #1].

2

Western issued a policy, number 0233950, for the period of August 1, 1996, to August 1, 1997, to Sammy Bajalia d/b/a Express Auto. [Plaintiff's Exh. #4]. The policy contains a Garage Coverage Master Endorsement which provides:

> We will not pay for "bodily injury," "property damage" or "loss" arising out of the use of converted "autos" owned by you and furnished for the regular use of owners, partners, executive officers, employees, spouses, children, or relatives of yours or any other person or organization. This exclusion does not apply to the persons named in the Schedule of Drivers Furnished "Autos."

[*Id.*]

Preceding this paragraph is a section entitled "Schedule of Drivers Furnished 'Autos.'" This schedule contains no names of drivers. [*Id.*] Thereafter, it states:

> Coverage shall extend to the occasional use of a furnished "auto" by a non-scheduled driver as long as the non-scheduled driver has the permission of a scheduled driver and the actual use is within the scope of such permission.

[*Id.*]

As noted above, Express Auto is a used car lot owned by Sammy Bajalia. One of his employees is his brother, Jerry Bajalia. Rachel Bajalia is Jerry's wife.

Approximately two months prior to the accident on January 26, 1987, Rachel Bajalia began to drive a Plymouth Voyager owned by Express Auto. She drove this vehicle interchangeably with a Dodge Caravan, also owned by Express Auto. Rachel had unlimited use of this vehicle within a 50-mile radius. The only restriction placed on its use by Sammy was that she had to stay within a 50-mile radius of the business.

ANALYSIS

Western asserts that it is not obligated to provide coverage under the policy because, at the time of the accident, the automobile was furnished to Rachel Bajalia for her regular use and she was not listed on the Garage Coverage Master Endorsement as a scheduled driver. Western seeks a declaration from the court that it has no duty to afford coverage for the accident in question. Defendants' counsel counters that Sammy and Jerry Bajalia were scheduled drivers on the Western policy, citing the presence of their names on the policy application. [Plaintiff's Exh. #1].

According to defendants, since Sammy and Jerry were scheduled drivers, coverage was extended to Rachel by virtue of the Garage Coverage Master Endorsement paragraph which states that "coverage shall extend to the occasional use of a furnished 'auto' by a non-scheduled driver as long as the non-scheduled driver has the permission of the scheduled driver . . . ."

Defendants' argument hinges on two points: (1) their assertion that Sammy and Jerry were scheduled drivers under the policy and (2) Rachel's use of the Voyager was "occasional use" so that it falls within the coverage set out in the Garage Coverage Master Endorsement. Regarding the first point, there is no evidence that Sammy or Jerry Bajalia were scheduled drivers for purposes of the Garage Coverage Master Endorsement. That endorsement lists no one as a scheduled driver entitled to make regular use of an Express Auto vehicle. The presence of their names on the insurance application below the section titled "All Owners, Employees, Spouses, and Children Furnished Autos" does not support their assertion because, in addition to containing their names, this section also reflects that Jerry Bajalia and another listed employee

4

would not be furnished autos and that Sammy Bajalia was legally bind and has no driver's license. Thus, the presence of Sammy's and Jerry's names on the policy application provides no evidence that they were scheduled drivers on the subsequently issued policy of insurance. As noted above, the Schedule of Drivers Furnished Autos on the actual policy is blank. This is consistent with the application for insurance which affirmatively reflects that Jerry would not be furnished an auto and that Sammy has no license and is blind, thus stating, by implication, that he would not be furnished an auto either. In addition, Sammy Bajalia has no independent recollection of discussing Rachel Bajalia using an Express Auto vehicle with any Insurance Store employee, nor does he recall asking that either Jerry or Rachel be insured for using autos owned by Express Auto.

Therefore, the court concludes that there is no evidence that Jerry or Sammy Bajalia were scheduled drivers under the Garage Coverage Master Endorsement. As a result, they could not give Rachel permission to make "occasional use" of the Voyager which was involved in the accident, and Western is not obligated to provide coverage under the policy issued to Express Auto.

Whether Rachel's use of the Voyager was "occasional," is a fact question best left for the trier of fact. See *Benjamin v. Plains Ins. Co.*, 650 F.2d 98, 101 (5th Cir. Unit A 1981); *Maryland Casualty Co. v. Southern Farm Bureau Casualty Ins. Co.*, 235 F.2d 679, 683 (5th Cir. 1956). However, since neither Sammy nor Jerry was a scheduled driver under the policy, this issue is irrelevant, and Western is entitled to a declaratory judgment in its favor.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the motion for summary judgment of Western Insurance Company is due to be and hereby is GRANTED, and defendants' Motion to Deny Plaintiff's Motion for Summary Judgment is due to be and hereby is DENIED. It is further ORDERED, ADJUDGED and DECREED that Western Insurance Company has no obligation to provide coverage to defendants under Policy No. 0233950 for the motor vehicle accident occurring on January 26, 1997.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this _8th_ day of September, 2000.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE